IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1087 |
| | ) | Judge Nora Barry Fischer |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| FNU COLLINS, *C.O.1* and ROBERT GILMORE, *Warden of Greene State Correctional Institution sued in defendants individual and official capacities*, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 6, be dismissed for failure to prosecute.

## II. REPORT

Plaintiff Nathan Riley ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections and is presently incarcerated at the State Correctional Institution ("SCI") at Camp Hill. Plaintiff has presented a civil rights complaint against Defendants Correctional Officer Collins ("Collins") and Warden Robert Gilmore ("Gilmore"), alleging that Collins violated his constitutional rights while Plaintiff was incarcerated at SCI Greene by using excessive force against him and that Gilmore, the superintendent of that facility, failed to properly supervise the correctional officers.

On April 5, 2016, this Court issued an Order directing Plaintiff to file a Response to Defendants' Motion to Dismiss and to do so on or before April 26, 2016. To date, Plaintiff has failed to file a Response or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's order so that the case could proceed and weigh heavily against him. Plaintiff's failure to file a Response to Defendants' Motion to Dismiss as ordered or otherwise respond to the Court's scheduling order was not only solely his personal responsibility but, as a seasoned litigator, his failure to do so appears willful.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to Defendants other than general

delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's order, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for the Court to take.  Mindek v. Rigatti, 964 F.2d at 1373.  Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72.D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report  and Recommendation.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    RESPECTFULLY SUBMITTED,

    /s/Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 4, 2016

cc:      The Honorable Nora Barry Fischer
           United States District Judge

           Nathaniel Riley
           CT-8571
           SCI Camp Hill
           PO Box 200
           Camp Hill, PA 17001-0200

           All counsel of record via CM/ECF