IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1087 |
| | ) | Judge Nora Barry Fischer |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| FNU COLLINS, *C.O.1* and ROBERT GILMORE, *Warden of Greene State Correctional Institution sued in defendants individual and official capacities*, | ) ) ) ) | Re: ECF No. 38 |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss Action for Plaintiff's Failure to Prosecute, ECF No. 38, be granted.

**II.  REPORT**

Plaintiff Nathan Riley ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections and is presently incarcerated at the State Correctional Institution ("SCI") at Coal Township.  Plaintiff has presented a civil rights complaint against Defendant Correctional Officer Collins ("Defendant"), alleging that Collins violated his constitutional rights while Plaintiff was incarcerated at SCI Greene by using excessive force against him.[1]  ECF No. 24.

On April 10, 2017, this Court issued a Case Management Order directing Plaintiff to file a Pretrial Statement on or before July 6, 2017.  ECF No. 36.  Plaintiff failed to file a Pretrial Statement or otherwise comply with the Order and on July 13, 2017, the Court issued an Order to

---

[1] Plaintiff initially named Robert Gilmore, the Warden at SCI Greene, as a Defendant in this matter but has since "withdrawn" Gilmore from the action.  ECF Nos. 23, 24.

Show Cause directing Plaintiff to show cause why he failed to file the Pretrial Statement as ordered, and to do so no later than July 28, 2017. ECF No. 37. Plaintiff failed to respond to the Order to Show Cause and, on July 13, 2017, Defendant filed a Motion to Dismiss for lack of prosecution, ECF No. 38, which is presently before the Court. For the reasons that follow, it is respectfully recommended that the Motion be granted.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders so that the case could proceed and weigh heavily against him. Plaintiff's failure to file a Pretrial Statement as ordered by the Court, and his subsequent failure to respond to the Order to Show Cause, was not only solely his personal responsibility but his failure to comply with two Court Orders, even at this late juncture, appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- Defendant has not only been stymied in his efforts to file a Motion for Summary, but has suffered yet another delay in having the claims brought against him resolved.

Factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as, given the delay resulting from Plaintiff's inaction, Defendant's Motion for Summary Judgment has not yet been filed and is unable to access whether Plaintiff's claims have any merit.

Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). The final factor to consider is the effectiveness of sanctions other than dismissal. Since, upon filing this action, Plaintiff requested and was granted *in forma pauperis* status, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with not just one, but two Court Orders, has prevented this case from proceeding and indicates to the Court that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373.

Accordingly, it is respectfully recommended that Defendant's Motion to Dismiss Action for Plaintiff's Failure to Prosecute, ECF No. 38, be granted and the case be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72.D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections

may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              RESPECTFULLY SUBMITTED,

                                              /s/Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2017

cc:      The Honorable Nora Barry Fischer
         United States District Judge

         Nathaniel Riley
         CT-8571
         SCI Coal Township
         1 Kelley Drive
         Coal Township, PA 17866-1021

         All counsel of record via CM/ECF